UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LANDMARK AMERICAN INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 15-CV-1785 ) |
| **DEERFIELD CONSTRUCTION, INC.,** and **SHAWN GRAFF,** | ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) |
| **RYAN KEEPING,** | ) ) |
| Indispensable Defendant, | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the plaintiff, LANDMARK AMERICAN INSURANCE COMPANY (hereinafter "LANDMARK"), by and through its attorneys, TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP, and for its Complaint for Declaratory Judgment, states as follows:

### NATURE OF ACTION AND RELIEF SOUGHT

1. Plaintiff, LANDMARK, is an insurance company that issued a policy of insurance to DEERFIELD CONSTRUCTION, INC. ("DEERFIELD CONSTRUCTION"), effective from March 1, 2007 to March 1, 2008. LANDMARK brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure.

2. LANDMARK seeks a declaration that DEERFIELD CONSTRUCTION and SHAWN GRAFF (hereinafter "Defendants") failed to comply with the terms and conditions of

the Landmark Policy and are not entitled to coverage under the Landmark Policy with regard to the lawsuit styled, *Ryan Keeping v. Shawn Graff and Deerfield Construction, Inc.*, filed under docket number 09 L 15630, in the Circuit Court of Cook County, Illinois, Law Division ("the Underlying Lawsuit"). A copy of the Complaint at Law is attached hereto as Exhibit "A" and incorporated herein by reference.

3. There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the policy of insurance issued by LANDMARK to DEERFIELD CONSTRUCTION. LANDMARK contends that Defendants are precluded from coverage under the Landmark Policy in connection with the claims asserted in the Underlying Lawsuit based on the terms of the Landmark Policy and applicable law.

4. LANDMARK has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Landmark Policy. A judicial declaration is appropriate at this time so that LANDMARK may ascertain its rights and duties with respect to its indemnity obligations under the Landmark Policy for the Underlying Lawsuit.

5. Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

6. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a), in that the Landmark Policy was issued to DEERFIELD CONSTRUCTION, a corporation residing in this district.

## THE PARTIES

7. Plaintiff, LANDMARK AMERICAN INSURANCE COMPANY, is an Oklahoma insurance company with its principal place of business in Georgia.

8. Defendant, DEERFIELD CONSTRUCTION GROUP, INC., is an Illinois corporation with its principal place of business in Illinois.

9. Upon information and belief, Defendant, SHAWN GRAFF, resides in Indiana.

10. Upon information and belief, underlying plaintiff, RYAN KEEPING, resides in Canada.

11. Underlying Plaintiff is joined as a defendant herein as he may be a necessary party and so that he may be bound by the judgment entered in this case. If Underlying Plaintiff agrees to be bound by a judgment entered in this action, LANDMARK will dismiss Underlying Plaintiff from this lawsuit.

## FACTUAL BACKGROUND

12. This declaratory judgment action arises from an automobile accident that occurred on January 16, 2008 ("the Accident") and the Underlying Lawsuit filed in connection with that automobile accident. The Underlying Lawsuit was filed on December 22, 2009. *See* Ex. "A."

13. Upon information and belief, Defendants were served with the Underlying Lawsuit on or about December 30, 2009.

14. Upon information and belief, Defendants and/or Defendants' representative or agent provided notice of the Accident and the Underlying Lawsuit to American States Insurance Company (the company that issued the primary commercial automobile insurance policy to which the Landmark Policy follows form) on or about December 30, 2009.

15. On April 23, 2013, Underlying Plaintiff made a settlement demand to Defendants seeking $1,250,000.00, a sum in excess of the limits of the primary American States Policy. Upon information and belief, Defendants made a counter-offer of $75,000.00.

16. On September 23, 2013, Underlying Plaintiff and Defendants participated in non-binding mediation in the Underlying Lawsuit.

17. On December 5, 2014, nearly seven years after the Accident and nearly five years after the filing of the Underlying Lawsuit, Defendants put LANDMARK on notice of the Accident and the Underlying Lawsuit.

18. Trial took place during the week of January 12, 2015. After closing arguments but before the jury returned with a verdict, Plaintiff made a $1,000,000.00 to $300,000.00 high-low settlement offer to Defendants. Defendants did not accept the settlement offer. LANDMARK was not made aware of the high-low settlement offer until after the jury returned with a verdict.

**APPLICABLE INSURANCE POLICIES**

19. American States Insurance Company ("American States") issued a primary commercial automobile liability policy to DEERFIELD CONSTRUCTION under policy number 01-CH-423712-1, effective from March 1, 2007 to March 1, 2008, with liability limits of $1 million, subject to its terms and conditions. A copy of the American States Policy is attached hereto as Exhibit "B."

20. LANDMARK issued a commercial excess liability policy to DEERFIELD CONSTRUCTION under policy number LHA038789, effective from March 1, 2007 to March 1, 2008, with liability limits of $10 million per occurrence and in the aggregate ("the Landmark Policy"). The Landmark Policy, subject to its terms and conditions, follows form to, and applies

in excess of, the American States Policy. A copy of the Landmark Policy is attached hereto as Exhibit "C."

21. The pertinent provisions of the Landmark Policy provide:

1. Insuring Agreement

   a. We will pay those sums in excess of the limits shown in Item 6 of the Declarations, Schedule of Underlying Insurance, that you become legally obligated to pay as damages because of injury to which this insurance applies, provided that the "Underlying Insurance" also applies, or would apply but for the exhaustion of its Limits of Insurance.

   b. This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "Underlying Insurance", except:

      (1) We will have no obligation under this insurance with respect to any claim or suit that is settled without our consent; and

      (2) With respect to any provisions to the contrary contained in this insurance.
      * * *
   d. We will have the right to participate in the defense of claims or suits against you seeking damages because of injury to which this insurance may apply. * * *

22. The Schedule of Underlying Insurance in the Landmark Policy lists the American States Policy as the Underlying Insurance. *See* Ex. "C."

23. The pertinent provisions of the American States Policy provide:

   **2.  Duties In The Event Of Accident, Claim, Suit Or Loss**

   We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   **a.**   In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

      **(1)**   How, when and where the "accident" or "loss" occurred;
      **(2)**   The "insured's" name and address; and

  **(3)**  To the extent possible, the names and addresses of any injured person and witnesses.

 **b.**  Additionally, you and any other involved 'insured" must:

          \* \* \*

  **(2)**  Immediately sent us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

  **(3)**  Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

  **(4)**  Authorize us to obtain medical records or other pertinent information.

24. The American States Policy defines the pertinent terms used in the "Duties In The Event Of An Accident, Claim, Suit or Loss" section of the policy as follows:

 **A.**  "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage"

          \* \* \*

 **J.**  "Loss" means direct and accidental loss or damage.

          \* \* \*

 **N.**  "Suit" means a civil proceeding in which:

  **1.**  Damages because of "bodily injury" or "property damage" or
  **2.**  A "covered pollution cost or expense",

 To which this insurance applies, are alleged.

          \* \* \*

## THE UNDERLYING LAWSUIT

25. The Underlying Lawsuit arises from an automobile accident that occurred on January 16, 2008.

26. In correspondence dated January 24, 2008, DEERFIELD CONSTRUCTION was advised that the law firm of Cutler & Hull had "been retained to represent [Underlying Plaintiff] in connection with his claims for personal injuries as a result of an accident occurring on or about January 16, 2008." That letter also requested that DEERFIELD CONSTRUCTION

"advise your insurance company of this letter and request that they contact us. Also, please provide us with your insurance policy limits, including any and all excess insurance."

27. On December 22, 2009, Underlying Plaintiff filed a Complaint against the Defendants alleging that on January 16, 2008, SHAWN GRAFF, as an agent and/or employee of DEERFIELD CONSTRUCTION, pulled suddenly and unexpectedly in front of the motor vehicle driven by Underlying Plaintiff. *See* Ex. "A." The Complaint alleges that as a result of SHAWN GRAFF's actions, Underlying Plaintiff was forced to come into contact with other vehicles and that his vehicle was caused to flip over. *See* Ex. "A."

28. On or about December 30, 2009, DEERFIELD CONSTRUCTION and/or SHAWN GRAFF were served with the Underlying Lawsuit.

29. Upon information and belief, DEERFIELD CONSTRUCTION and SHAWN GRAFF gave notice of the Underlying Lawsuit and tendered the defense of the Defendants to American States.

30. American States employed Liberty Mutual Chicago Field Legal counsel, the Law Offices of Meachum, Starck, Boyle & Trafman ("Defense Counsel"), to defend the Defendants in the Underlying Lawsuit.

31. Upon information and belief, throughout 2008, 2009, 2010, 2011, 2012, 2013, and 2014, Defendants and Defense Counsel were aware of the existence of the Landmark Policy.

32. Upon information and belief, throughout 2009, 2010, 2011, 2012, 2013, and 2014, Defendants engaged in discovery in the Underlying Lawsuit.

33. Upon information and belief, as early as or before April 2013, Underlying Plaintiff made a settlement demand to Defendants in excess of the limits of the American States

Policy. Defendants and Defense Counsel did not notify LANDMARK of any settlement demands prior to December 5, 2014.

34. Upon information and belief, in September 2013, Defendants and Defense Counsel scheduled mediation with Underlying Plaintiff. Defendants and Defendants Counsel did not notify LANDMARK of the mediation prior to December 5, 2014.

35. Upon information and belief, oral and written discovery were completed prior to Defendants providing LANDMARK with notice of the Underlying Lawsuit.

36. Upon information and belief, all (or the majority of) expert discovery pertaining to the Underlying Lawsuit was completed prior to Defendants providing LANDMARK with notice of the Underlying Lawsuit.

37. Upon information and belief, the Underlying Lawsuit had appeared on the trial call (commonly referred to as "the blackline") on at least four occasions prior to Defendants providing LANDMARK with notice of the Underlying Lawsuit.

38. At the time Defendants provided LANDMARK with notice of the Underlying Lawsuit on December 5, 2014, trial in the Underlying Lawsuit had already been scheduled to commence on January 12, 2015.

39. On January 16, 2015, after a jury trial, the jury entered an adverse verdict against DEERFIELD CONSTRUCTION and GRAFF with damages totaling $2,368,000.00. The court entered a judgment on the verdict that same day.

## BASES FOR DECLARATORY JUDGMENT

40. LANDMARK seeks a declaration that the Landmark Policy does not afford coverage to the Defendants for the claims asserted against them in the Underlying Lawsuit because:

(i) The motor vehicle accident occurred on January 16, 2008, and the Defendants failed to give notice of an "accident" or "loss" to LANDMARK until on or about December 5, 2014, almost seven years after the accident giving rise to the Underlying Lawsuit, thereby failing to comply with a condition precedent to coverage requiring Defendants to give LANDMARK "prompt" notice of an "accident" or "loss."

(ii) The Underlying Lawsuit was filed against Defendants on December 22, 2009, and the Defendants failed to give notice of a claim or "suit" against them until on or about December 5, 2014, almost five years after the filing of the Underlying Lawsuit, thereby failing to comply with a condition precedent requiring "prompt" notice of a "accident" or "loss."

(iii) Between January 24, 2008 and December 4, 2014, Defendants were served with or possessed settlement demands, court orders, summonses, and/or other legal papers in connection with the Underlying Lawsuit. Defendants failed to provide LANDMARK with any document or other information in connection with the Underlying Lawsuit until December 5, 2014, thereby failing to comply with a condition precedent to coverage requiring that Defendants "immediately" provide LANDMARK with copies of all requests, demands, orders, notices, summonses, or legal papers received concerning a claim or "suit."

### COUNT I
### (Late Notice Of "Accident" In The Event Of "Accident" Or "Loss")

41. LANDMARK reasserts and realleges paragraphs 1 through 40 above as and for paragraph 41, as if fully set forth herein.

42. The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

43. The American States Policy requires Defendants to give "prompt notice of the 'accident' or 'loss' in the event of an 'accident,' claim, 'suit,' or 'loss.'"

44. The Accident occurred on January 16, 2008. Defendants failed to give "prompt" notice of an "accident" to LANDMARK by waiting until December 5, 2014 to notify LANDMARK of the Accident.

45. Defendants' failure to give LANDMARK notice of an "accident" in accordance with the American States Policy to which the Landmark Policy follows form, for nearly seven years following the Accident, was an unreasonable delay.

46. Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish notice of an "accident" to LANDMARK.

47. Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide notice of an "accident" to LANDMARK.

48. LANDMARK is not required to show prejudice based on Defendants' extreme delay in giving notice of an "accident" to LANDMARK.

49. In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide notice of an "accident" before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

50. In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

51. In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

52. The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

WHEREFORE, LANDMARK seeks a judgment: (a) declaring the rights and obligations under the Landmark Policy; (b) declaring that Defendants violated the Notice condition of the Policy to which the Landmark Policy follows form, precluding Defendants from coverage under the Landmark Policy for the Underlying Lawsuit; (c) declaring that LANDMARK has no obligation to indemnify DEERFIELD CONSTRUCTION or SHAWN GRAFF under the Landmark Policy with respect to the Underlying Lawsuit; and (d) providing such other and further relief as this Court may deem just and equitable.

## COUNT II
### (Late Notice Of "Loss" In The Event Of "Accident" Or "Loss")

53. LANDMARK reasserts and realleges paragraphs 1 through 52 above as and for paragraph 53, as if fully set forth herein.

54. The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

55. The American States Policy requires Defendants to give "prompt notice of the 'accident' or 'loss' in the event of an 'accident,' claim, 'suit,' or 'loss.'"

56. The American States Policy defines "loss" as "direct and accidental loss or damage."

57. The Accident occurred on January 16, 2008. As early as January 24, 2008, Defendants were aware that Underlying Plaintiff was making a claim for bodily injury allegedly resulting from the Accident. Defendants failed to give "prompt" notice of the "loss" to LANDMARK by waiting until December 5, 2014 to notify LANDMARK of the Accident and any correspondence from Underlying Plaintiff in connection with the Accident.

58. Defendants' failure to give LANDMARK notice of a "loss" in accordance with the American States Policy to which the Landmark Policy follows form, for nearly seven years following the Accident, was an unreasonable delay.

59. Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish notice of an "loss" to LANDMARK.

60. Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide notice of a "loss" to LANDMARK.

61. LANDMARK is not required to show prejudice based on Defendants' extreme delay in giving notice of a "loss" to LANDMARK.

62. In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide notice of a "loss" before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

63. In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

64. In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

65. The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

WHEREFORE, LANDMARK seeks a judgment: (a) declaring the rights and obligations under the Landmark Policy; (b) declaring that Defendants violated the Notice condition of the Policy to which the Landmark Policy follows form, precluding Defendants from coverage under the Landmark Policy for the Underlying Lawsuit; (c) declaring that LANDMARK has no obligation to indemnify DEERFIELD CONSTRUCTION or SHAWN GRAFF under the Landmark Policy with respect to the Underlying Lawsuit; and (d) providing such other and further relief as this Court may deem just and equitable.

## COUNT III
### (Late Notice Of "Accident" In The Event Of "Suit")

66. LANDMARK reasserts and realleges paragraphs 1 through 65 above as and for paragraph 66, as if fully set forth herein.

67. The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

68. The American States Policy requires Defendants to give "prompt notice of the 'accident' or 'loss' in the event of an 'accident,' claim, 'suit,' or 'loss.'"

69. The Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009. Defendants failed to give "prompt" notice of an "accident" to LANDMARK by waiting until December 5, 2014 to notify LANDMARK of the Accident or the Underlying Lawsuit.

70. Defendants' failure to give LANDMARK notice of an "accident" in accordance with the American States Policy to which the Landmark Policy follows form, for nearly five years following the filing of the Underlying Lawsuit, was an unreasonable delay.

71. Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish notice of an "accident" to LANDMARK.

72. Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide notice of an "accident" to LANDMARK.

73. LANDMARK is not required to show prejudice based on Defendants' extreme delay in giving notice of an "accident" to LANDMARK.

74. In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide notice of an "accident" before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

75. In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

76. In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

77. The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

WHEREFORE, LANDMARK seeks a judgment: (a) declaring the rights and obligations under the Landmark Policy; (b) declaring that Defendants violated the Notice condition of the Policy to which the Landmark Policy follows form, precluding Defendants from coverage under the Landmark Policy for the Underlying Lawsuit; (c) declaring that LANDMARK has no obligation to indemnify DEERFIELD CONSTRUCTION or SHAWN GRAFF under the Landmark Policy with respect to the Underlying Lawsuit; and (d) providing such other and further relief as this Court may deem just and equitable.

## COUNT IV
### (Late Notice Of "Loss" In The Event Of "Suit")

78. LANDMARK reasserts and realleges paragraphs 1 through 77 above as and for paragraph 78, as if fully set forth herein.

79. The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

80. The American States Policy requires Defendants to give "prompt notice of the 'accident' or 'loss' in the event of an 'accident,' claim, 'suit,' or 'loss.'"

81. The American States Policy defines "loss" as "direct and accidental loss or damage."

82. The Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009. Defendants failed to give "prompt" notice of a

"loss" to LANDMARK by waiting until December 5, 2014 to notify LANDMARK of the Accident or the Underlying Lawsuit.

83. Defendants' failure to give LANDMARK notice of a "loss" in accordance with the American States Policy to which the Landmark Policy follows form, for nearly five years following the filing of the Underlying Lawsuit, was an unreasonable delay.

84. Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish notice of a "loss" to LANDMARK.

85. Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide notice of a "loss" to LANDMARK.

86. LANDMARK is not required to show prejudice based on Defendants' extreme delay in giving notice of a "loss" to LANDMARK.

87. In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide notice of a "loss" before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

88. In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

89. In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

90. The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

WHEREFORE, LANDMARK seeks a judgment: (a) declaring the rights and obligations under the Landmark Policy; (b) declaring that Defendants violated the Notice condition of the Policy to which the Landmark Policy follows form, precluding Defendants from coverage under the Landmark Policy for the Underlying Lawsuit; (c) declaring that LANDMARK has no obligation to indemnify DEERFIELD CONSTRUCTION or SHAWN GRAFF under the Landmark Policy with respect to the Underlying Lawsuit; and (d) providing such other and further relief as this Court may deem just and equitable.

## COUNT V
### (Late Notice Of "Suit")

91. LANDMARK reasserts and realleges paragraphs 1 through 90 above as and for paragraph 91, as if fully set forth herein.

92. The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

93. The American States Policy requires Defendants to "immediately" provide copies of "any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit.'"

94. The Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009. Defendants failed to "immediately" provide copies of requests, demands, orders, notices, summonses, or legal papers concerning the Underlying Lawsuit by waiting until December 5, 2014 to notify LANDMARK of the Accident or the Underlying Lawsuit.

95. Defendants' failure to provide LANDMARK with information regarding the Underlying Lawsuit in accordance with the American States Policy to which the Landmark Policy follows form, for nearly five years following the filing of the Underlying Lawsuit, was an unreasonable delay.

96. Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish LANDMARK with information regarding the Underlying Lawsuit.

97. Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide LANDMARK with information regarding the Underlying Lawsuit.

98. LANDMARK is not required to show prejudice based on Defendants' extreme delay in providing LANDMARK with requests, demands, orders, notices, summonses, or legal papers concerning the Underlying Lawsuit.

99. In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide Landmark with requests, demands, orders, notices, summonses, or legal papers concerning the Underlying Lawsuit before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

100. In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

101. In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

102. The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

WHEREFORE, LANDMARK seeks a judgment: (a) declaring the rights and obligations under the Landmark Policy; (b) declaring that Defendants violated the Notice condition of the Policy to which the Landmark Policy follows form, precluding Defendants from coverage under the Landmark Policy for the Underlying Lawsuit; (c) declaring that LANDMARK has no obligation to indemnify DEERFIELD CONSTRUCTION or SHAWN GRAFF under the Landmark Policy with respect to the Underlying Lawsuit; and (d) providing such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands the right to trial by jury on all issues so triable.

Dated: February 27, 2015

Respectfully submitted,

/s/ Mark F. Wolfe_____
One of the Attorneys for LANDMARK AMERICAN INSURANCE COMPANY

Mark F. Wolfe
Michael S. Knippen
Jeremy S. Macklin
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, Illinois 60606
(312) 332-3900
(312) 332-3908 (fax)