UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 15-CV-001785 Honorable Judge Ruben Castillo |
| DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF, | ) ) ) | |
| Defendants, | ) ) | JURY TRIAL DEMANDED |
| and | ) ) | |
| RYAN KEEPING, | ) ) | |
| Indispensable Defendant. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Defendants, DEERFIELD CONSTRUCTION, INC. (hereinafter, "Deerfield")

and SHAWN GRAFF (hereinafter "Graff," and collectively as "Defendants"), by and through their

attorneys, MOMKUS McCLUSKEY, LLC, and for their Answer and Affirmative Defenses to Plaintiff's

Complaint for Declaratory Judgment, state as follows:

**NATURE OF ACTION AND RELIEF SOUGHT**

1.     Plaintiff, LANDMARK, is an insurance company that issued a policy

of insurance to DEERFIELD CONSTRUCTION, INC. ("DEERFIELD CONSTRUCTION"),

effective from March 1, 2007 to March 1, 2008.    LANDMARK brings this Complaint for

Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.*, and Rule 57 of the Federal

Rules of Civil Procedure.

1

ANSWER:     Defendants admit that Landmark is an insurance company and that Landmark issued a policy of insurance to Deerfield effective from March 1, 2007 to March 1, 2008. As to the remainder of the allegations of Paragraph 1, Defendants stated that Landmark's Complaint for Declaratory Judgment is the best evidence of its content and denies any allegations contrary thereto and denies Landmark is entitled to the relief sought in its Complaint.

2.     LANDMARK seeks a declaration that DEERFIELD CONSTRUCTION and SHAWN GRAFF (hereinafter "Defendants") failed to comply with the terms and conditions of the Landmark Policy and are not entitled to coverage under the Landmark Policy with regard to the lawsuit styled, *Ryan Keeping v. Shawn Graff and Deerfield Construction, Inc.*, filed under docket number 09 L 15630, in the Circuit Court of Cook County, Illinois, Law Division ("the Underlying Lawsuit"). A copy of the Complaint at Law is attached hereto as Exhibit "A" and incorporated herein by reference.

ANSWER:     Defendants state that Landmark's Complaint for Declaratory Judgment is the best evidence of its content and denies any allegations contrary thereto. Defendants further deny that Plaintiff is entitled to a declaration that Defendants failed to comply with the terms and conditions of the Landmark Policy or that Defendants are not entitled to coverage under the Landmark Policy with regards to the Underlying Lawsuit.

3.     There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the policy of insurance issued by LANDMARK to DEERFIELD CONSTRUCTION.     LANDMARK contends that Defendants are precluded from coverage under the Landmark Policy in connection with the claims asserted in the Underlying Lawsuit based on the terms of the Landmark Policy and applicable law.

2

ANSWER:    Defendants state that Landmark's Complaint for Declaratory Judgment is the best evidence of its content and denies any allegations contrary thereto. Defendants further deny that Defendants are precluded from coverage under the Landmark Policy in connection with the claims asserted in the Underlying Lawsuit based on the terms of the Landmark Policy and applicable law. Defendants admit the remaining allegations of Paragraph 3.

4.    LANDMARK has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Landmark Policy.   A judicial declaration is appropriate at this time so that LANDMARK may ascertain its rights and duties with respect to its indemnity obligations under the Landmark Policy for the Underlying Lawsuit.

ANSWER:    Defendants state that Paragraph 4 calls for a legal conclusion and, therefore, that no response is necessary.

5.    Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

ANSWER:    Defendants admit the allegations of Paragraph 5.

6.    Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(a), in that the Landmark Policy was issued to DEERFIELD CONSTRUCTION, a corporation residing in this district.

ANSWER:    Defendants admit the allegations of Paragraph 6.

## THE PARTIES

7.    Plaintiff, LANDMARK AMERICAN INSURANCE COMPANY, is an Oklahoma insurance company with its principal place of business in Georgia.

ANSWER:    Defendants are without sufficient information or belief to admit or deny the

allegations of Paragraph 7 and, for purposes of pleading, deny same and demand strict proof thereof.

8.      Defendant, DEERFIELD CONSTRUCTION GROUP, INC., is an Illinois corporation with its principal place of business in Illinois.

ANSWER:      Defendants admit the allegations of Paragraph 8.

9.      Upon information and belief, Defendant, SHAWN GRAFF, resides in Indiana.

ANSWER:      Defendants deny the allegations of Paragraph 9 and state that Graff lives in Lisle, Illinois.

10.      Upon information and belief, underlying plaintiff, RYAN KEEPING, resides in Canada.

ANSWER:      Defendants are without sufficient information or belief to admit or deny the allegations of Paragraph 10 and, for purposes of pleading, deny same and demand strict proof thereof.

11.      Underlying Plaintiff is joined as a defendant herein as he may be a necessary party and so that he may be bound by the judgment entered in this case.  If Underlying Plaintiff agrees to be bound by a judgment entered in this action, LANDMARK will dismiss Underlying Plaintiff from this lawsuit.

ANSWER:      As Paragraph 11 is not directed towards Defendants, no response is required.

## FACTUAL BACKGROUND

12.      This declaratory judgment action arises from an automobile accident that occurred on January 16, 2008 ("the Accident") and the Underlying Lawsuit filed in connection with that automobile accident.  The Underlying Lawsuit was filed on December 22, 2009.  *See* Ex. "A."

ANSWER:     Defendants admit the allegations of Paragraph 12.

13.     Upon information and belief, Defendants were served with the Underlying Lawsuit on or about December 30, 2009.

ANSWER:     Defendants admit the allegations of Paragraph 13.

14.     Upon information and belief, Defendants and/or Defendants' representative or agent provided notice of the Accident and the Underlying Lawsuit to American States Insurance Company (the company that issued the primary commercial automobile insurance policy to which the Landmark Policy follows form) on or about December 30, 2009.

ANSWER:     Defendants admit the allegations of Paragraph 14.

15.     On April 23, 2013, Underlying Plaintiff made a settlement demand to Defendants seeking $1,250,000.00, a sum in excess of the limits of the primary American States Policy. Upon information and belief, Defendants made a counter-offer of $75,000.00.

ANSWER:     Defendants are without sufficient information or belief to admit or deny the allegations of Paragraph 15 and further state that all settlement negotiations and communications were conducted through American States Insurance Company's retained counsel, David Olmstead, and were not subject to Defendants' notice or approval.

16.     On September 23, 2013, Underlying Plaintiff and Defendants participated in non- binding mediation in the Underlying Lawsuit.

ANSWER:     Defendants deny the allegations of Paragraph 16.

17.     On December 5, 2014, nearly seven years after the Accident and nearly five years after the filing of the Underlying Lawsuit, Defendants put LANDMARK on notice of the Accident and the Underlying Lawsuit.

ANSWER:     Defendants admit that Defendants, through their insurance broker, Arthur J.

5

Gallagher Risk Management Services, Inc., communicated with Landmark regarding the Underlying Litigation on or about December 5, 2014 and further state that, at this time, Landmark was offered an opportunity to participate in and/or follow the upcoming trial, which it declined. Defendants deny all remaining allegations of Paragraph 17.

18.     Trial took place during the week of January 12, 2015.     After closing arguments but before the jury returned with a verdict, Plaintiff made a $1,000,000.00 to $300,000.00 high- low settlement offer to Defendants.  Defendants did not accept the settlement offer. LANDMARK was not made aware of the high-low settlement offer until after the jury returned with a verdict.

ANSWER:     Defendants admit that trial took place during the week of January 12, 2015. Defendants further admit that, after closing arguments but before the jury returned with a verdict, a high-low settlement offer was discussed but no dollar limits were agreed upon by either Plaintiff or Defendants. Defendants are without sufficient information or belief to admit or deny as to what Landmark was, or was not, aware of, but further state that Landmark had the ability to participate in or follow the trial, which it previously declined. Defendants deny all remaining allegations of Paragraph 18.

## APPLICABLE INSURANCE POLICIES

19.     American States Insurance Company ("American States") issued a primary commercial automobile liability policy to DEERFIELD CONSTRUCTION under policy number 01-CH-423712-1, effective from March 1, 2007 to March 1, 2008, with liability limits of $1 million, subject to its terms and conditions.  A copy of the American States Policy is attached hereto as Exhibit "B."

ANSWER:     Defendants admit the allegations of Paragraph 19.

20.     LANDMARK issued a commercial excess liability policy to DEERFIELD CONSTRUCTION under policy number LHA038789, effective from March 1, 2007 to March 1, 2008, with liability limits of $10 million per occurrence and in the aggregate ("the Landmark Policy"). The Landmark Policy, subject to its terms and conditions, follows form to, and applies in excess of, the American States Policy. A copy of the Landmark Policy is attached hereto as Exhibit "C."

ANSWER:     Defendants states that the Landmark policy is the best evidence of its content and denies all allegations contrary thereto. Defendants admit the remaining allegations of Paragraph 20.

21.     The pertinent provisions of the Landmark Policy provide:

1. Insuring Agreement

   a.   We will pay those sums in excess of the limits shown in Item 6 of the Declarations, Schedule of Underlying Insurance, that you become legally obligated to pay as damages because of injury to which this insurance applies, provided that the "Underlying Insurance" also applies, or would apply but for the exhaustion of its Limits of Insurance.

   b.   This insurance is subject to the same terms, conditions, agreements, exclusions and definitions as the "Underlying Insurance", except:

      (1) We will have no obligation under this insurance with respect to any claim or suit that is settled without our consent; and

      (2) With respect to any provisions to the contrary contained in this insurance.
                        * * *
   d.   We will have the right to participate in the defense of claims or suits against you seeking damages because of injury to which this insurance may apply. * * *

ANSWER:     Defendants admit that the above-quoted language appears in the Landmark Policy but denies any implication that the above-quoted language fully sets forth the parties' rights and

7

obligations under the policy.

      22.     The Schedule of Underlying Insurance in the Landmark Policy lists the American

States Policy as the Underlying Insurance. *See* Ex. "C."

ANSWER:     Defendants admit the allegations of Paragraph 22.

      23.     The pertinent provisions of the American States Policy provide:

**2.     Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this policy unless there
has been full compliance with the following duties:

**a.**     In the event of "accident", claim, "suit" or "loss", you must give
us or our authorized representative prompt notice of the
"accident" or "loss". Include:

     **(1)**     How, when and where the "accident" or "loss" occurred;

     **(2)**     The "insured's" name and address; and

     **(3)**     To the extent possible, the names and addresses of
any injured person and witnesses.

**b.**     Additionally, you and any other involved 'insured" must:

        * * *

     **(2)**     Immediately sent us copies of any request, demand, order,
notice, summons or legal paper received concerning the
claim or "suit".

     **(3)**     Cooperate with us in the investigation or settlement of the
claim or defense against the "suit".

     **(4)**     Authorize us to obtain medical records or other pertinent
information.

ANSWER:     Defendants admit that the above-quoted language appears in the Landmark Policy

but denies any implication that the above-quoted language fully sets forth the parties' rights and

obligations under the policy.

      24.     The American States Policy defines the pertinent terms used in the "Duties In The

Event Of An Accident, Claim, Suit or Loss" section of the policy as follows:

**A.**     "Accident" includes continuous or repeated exposure  to the same
conditions resulting in "bodily injury" or "property damage"

* * *

**J.**   "Loss" means direct and accidental loss or damage.

* * *

**N.**   "Suit" means a civil proceeding in which:

    **1.**   Damages because of "bodily injury" or "property damage"

        or

    **2.**   A "covered pollution cost or expense",

To which this insurance applies, are alleged.

* * *

ANSWER:   Defendants admit that the above-quoted language appears in the Landmark Policy but denies any implication that the above-quoted language fully sets forth the parties' rights and obligations under the policy.

## THE UNDERLYING LAWSUIT

25.   The Underlying Lawsuit arises from an automobile accident that occurred on January 16, 2008.

ANSWER:   Defendants admit the allegations of Paragraph 25.

26.   In correspondence dated January 24, 2008, DEERFIELD CONSTRUCTION was advised that the law firm of Cutler & Hull had "been retained to represent [Underlying Plaintiff] in connection with his claims for personal injuries as a result of an accident occurring on or about January 16, 2008."   That letter also requested that DEERFIELD CONSTRUCTION "advise your insurance company of this letter and request that they contact us.   Also, please provide us with your insurance policy limits, including any and all excess insurance."

ANSWER:   Defendants admit that they received correspondence from the law firm of Cutler & Hull on or about January, 2008 concerning Underlying Plaintiff but lack sufficient information or belief to admit or deny the allegations regarding the specific content of the

9

communication and demand strict proof thereof.

27.     On December 22, 2009, Underlying Plaintiff filed a Complaint against the Defendants alleging that on January 16, 2008, SHAWN GRAFF, as an agent and/or employee of DEERFIELD CONSTRUCTION, pulled suddenly and unexpectedly in front of the motor vehicle driven by Underlying Plaintiff. *See* Ex. "A." The Complaint alleges that as a result of SHAWN GRAFF's actions, Underlying Plaintiff was forced to come into contact with other vehicles and that his vehicle was caused to flip over. *See* Ex. "A."

ANSWER:    Defendants admit that, on or about December 22, 2009, Underlying Plaintiff filed a Complaint against Defendants and further states that the Complaint is the best evidence of its content and denies any allegations contrary thereto.

28.     On or about December 30, 2009, DEERFIELD CONSTRUCTION and/or SHAWN GRAFF were served with the Underlying Lawsuit.

ANSWER:    Defendants admit the allegations of Paragraph 28.

29.     Upon information and belief, DEERFIELD CONSTRUCTION and SHAWN GRAFF gave notice of the Underlying Lawsuit and tendered the defense of the Defendants to American States.

ANSWER:    Defendants admit the allegations of Paragraph 29.

30.     American States employed Liberty Mutual Chicago Field Legal counsel, the Law Offices of Meachum, Starck, Boyle & Trafman ("Defense Counsel"), to defend the Defendants in the Underlying Lawsuit.

ANSWER:    Defendants admit the allegations of Paragraph 30.

31.     Upon information and belief, throughout 2008, 2009, 2010, 2011, 2012, 2013, and 2014, Defendants and Defense Counsel were aware of the existence of the Landmark Policy.

ANSWER:    Defendants admit the allegations of Paragraph 31.

32.    Upon information and belief, throughout 2009, 2010, 2011, 2012, 2013, and 2014, Defendants engaged in discovery in the Underlying Lawsuit.

ANSWER:    Defendants admit the allegations of Paragraph 32.

33.    Upon information and belief, as early as or before April 2013, Underlying Plaintiff made a settlement demand to Defendants in excess of the limits of the American States Policy. Defendants and Defense Counsel did not notify LANDMARK of any settlement demands prior to December 5, 2014.

ANSWER:    Defendants are without sufficient information or belief to admit or deny the allegations of Paragraph 33 and further state that all settlement negotiations and communications were conducted through American States Insurance Company's retained counsel, David Olmstead, and were not subject to Defendants' notice or approval.

34.    Upon information and belief, in September 2013, Defendants and Defense Counsel scheduled mediation with Underlying Plaintiff.  Defendants and Defendants Counsel did not notify LANDMARK of the mediation prior to December 5, 2014.

ANSWER:    Defendants deny the allegations of Paragraph 34.

35.    Upon information and belief, oral and written discovery were completed prior to Defendants providing LANDMARK with notice of the Underlying Lawsuit.

ANSWER:    Defendants deny the allegations of Paragraph 35.

36.    Upon information and belief, all (or the majority of) expert discovery pertaining to the Underlying Lawsuit was completed prior to Defendants providing LANDMARK with notice of the Underlying Lawsuit.

ANSWER:    Defendants deny the allegations of Paragraph 36.

11

37.    Upon information and belief, the Underlying Lawsuit had appeared on the trial call (commonly referred to as "the blackline") on at least four occasions prior to Defendants providing LANDMARK with notice of the Underlying Lawsuit.

ANSWER:    Defendants are without sufficient information or belief to admit or deny the allegations of Paragraph 37 and demand strict proof thereof.

38.    At the time Defendants provided LANDMARK with notice of the Underlying Lawsuit on December 5, 2014, trial in the Underlying Lawsuit had already been scheduled to commence on January 12, 2015.

ANSWER:    Defendants deny the allegations of Paragraph 38.

39.    On January 16, 2015, after a jury trial, the jury entered an adverse verdict against DEERFIELD CONSTRUCTION and GRAFF with damages totaling $2,368,000.00. The court entered a judgment on the verdict that same day.

ANSWER:    Defendants admit the allegations of Paragraph 39.

**BASES FOR DECLARATORY JUDGMENT**

40.    LANDMARK seeks a declaration that the Landmark Policy does not afford coverage to the Defendants for the claims asserted against them in the Underlying Lawsuit because:

(i)    The motor vehicle accident occurred on January 16, 2008, and the Defendants failed to give notice of an "accident" or "loss" to LANDMARK until on or about December 5, 2014, almost seven years after the accident giving rise to the Underlying Lawsuit, thereby failing to comply with a condition precedent to coverage requiring Defendants to give LANDMARK "prompt" notice of an "accident" or "loss."

12

    (ii)    The Underlying Lawsuit was filed against Defendants on December 22, 2009, and the Defendants failed to give notice of a claim or "suit" against them until on or about December 5, 2014, almost five years after the filing of the Underlying Lawsuit, thereby failing to comply with a condition precedent requiring "prompt" notice of a "accident" or "loss."

    (iii)    Between January 24, 2008 and December 4, 2014, Defendants were served with or possessed settlement demands, court orders, summonses, and/or other legal papers in connection with the Underlying Lawsuit. Defendants failed to provide LANDMARK with any document or other information in connection with the Underlying Lawsuit until December 5, 2014, thereby failing to comply with a condition precedent to coverage requiring that Defendants "immediately" provide LANDMARK with copies of all requests, demands, orders, notices, summonses, or legal papers received concerning a claim or "suit."

ANSWER: Defendants admit that Landmark seeks a declaration that the Landmark Policy does not afford coverage to Defendants for the claims asserted against them in the Underlying Lawsuits but denies that Landmark is entitled to such a declaration for the above-stated reasons or any other reasons, and further denies that the notice provided to Landmark was insufficient, and further states that Landmark was provided with sufficient opportunity to participate in or follow the trial, which it refused. Defendants deny all remaining allegations presented in Paragraph 40.

### COUNT I
### (Late Notice Of "Accident" In The Event Of "Accident" Or "Loss")

    41.    LANDMARK reasserts and realleges paragraphs 1 through 40 above as and for paragraph 41, as if fully set forth herein.

ANSWER:     Defendants restate and reallege their Answers to Paragraphs 1 through 40 as if fully set forth herein.

42.     The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

ANSWER:     Defendants state that the Landmark Policy is the best evidence of its content and deny any allegations contrary thereto.

43.     The American States Policy requires Defendants to give "prompt notice of the 'accident' or 'loss' in the event of an 'accident,' claim, 'suit,' or 'loss.'"

ANSWER:     Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

44.     The Accident occurred on January 16, 2008.  Defendants failed to give "prompt" notice of an "accident" to LANDMARK by waiting until December 5, 2014 to notify LANDMARK of the Accident.

ANSWER:     Defendants admit that the Accident occurred on January 16, 2008 but deny all remaining allegations contained in Paragraph 44.

45.     Defendants' failure to give LANDMARK notice of an "accident" in accordance with the American States Policy to which the Landmark Policy follows form, for nearly seven years following the Accident, was an unreasonable delay.

ANSWER:     Defendants deny the allegations of Paragraph 45.

46.     Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish notice of an "accident" to LANDMARK.

ANSWER:     Defendants state that the American States Policy is the best evidence of its

14

content and deny any allegations contrary thereto.

47.     Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide notice of an "accident" to LANDMARK.

ANSWER:     Defendants deny the allegations of Paragraph 47.

48.     LANDMARK is not required to show prejudice based on Defendants' extreme delay in giving notice of an "accident" to LANDMARK.

ANSWER:     Defendants deny the allegations of Paragraph 48.

49.     In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide notice of an "accident" before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

ANSWER:     Defendants deny the allegations of Paragraph 49.

50.     In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

ANSWER:     Defendants deny the allegations of Paragraph 50 and further state that Landmark was given an opportunity to participate in or monitor the Underlying Lawsuit, which it refused.

51.     In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

ANSWER:     Defendants deny the allegations of Paragraph 51.

52.     The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

15

ANSWER:     Defendants deny the allegations of Paragraph 52.

WHEREFORE, Defendants DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF request that this Honorable Court deny Plaintiff's Count I and enter judgment in Defendants' favor and against Plaintiff.

**COUNT II**
**(Late Notice Of "Loss" In The Event Of "Accident" Or "Loss")**

53.     LANDMARK reasserts and realleges paragraphs 1 through 52 above as and for paragraph 53, as if fully set forth herein.

ANSWER:     Defendants restate and reallege their answers to Paragraphs 1 through 52 as if fully set forth herein.

54.     The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

ANSWER:     Defendants state that the Landmark Policy is the best evidence of its content and deny any allegations contrary thereto.

55.     The American States Policy requires Defendants to give "prompt notice of the 'accident' or 'loss' in the event of an 'accident,' claim, 'suit,' or 'loss.'"

ANSWER:     Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

56.     The American States Policy defines "loss" as "direct and accidental loss or damage."

ANSWER:     Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

57.     The Accident occurred on January 16, 2008.   As early as January 24, 2008, Defendants were aware that Underlying Plaintiff was making a claim for bodily injury allegedly

16

resulting from the Accident.    Defendants failed to give "prompt" notice of the "loss" to LANDMARK by waiting until December 5, 2014 to notify LANDMARK of the Accident and any correspondence from Underlying Plaintiff in connection with the Accident.

ANSWER:    Defendants admit that the Accident occurred on January 16, 2008 but deny all remaining allegations contained in Paragraph 57.

58.    Defendants' failure to give LANDMARK notice of a "loss" in accordance with the American States Policy to which the Landmark Policy follows form, for nearly seven years following the Accident, was an unreasonable delay.

ANSWER:    Defendants deny the allegations of Paragraph 58.

59.    Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish notice of an "loss" to LANDMARK.

ANSWER:    Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

60.    Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide notice of a "loss" to LANDMARK.

ANSWER:    Defendants deny the allegations of Paragraph 60.

61.    LANDMARK is not required to show prejudice based on Defendants' extreme delay in giving notice of a "loss" to LANDMARK.

ANSWER:    Defendants deny the allegations of Paragraph 61.

62.    In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide notice of a "loss" before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying

17

Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

ANSWER:     Defendants deny the allegations of Paragraph 62.

63.     In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

ANSWER:     Defendants deny the allegations of Paragraph 63.

64.     In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

ANSWER:     Defendants deny the allegations of Paragraph 64.

65.     The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

ANSWER:     Defendants deny the allegations of Paragraph 65.

WHEREFORE, Defendants DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF request that this Honorable Court deny Plaintiff's Count II and enter judgment in Defendants' favor and against Plaintiff.

**COUNT III**
**(Late Notice Of "Accident" In The Event Of "Suit")**

66.     LANDMARK reasserts and realleges paragraphs 1 through 65 above as and for paragraph 66, as if fully set forth herein.

ANSWER:     Defendants restate and reallege their Answers to Paragraphs 1 through 65 as if fully set forth herein.

67.     The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

18

ANSWER:     Defendants state that the Landmark Policy is the best evidence of its content and deny any allegations contrary thereto.

68.     The American States Policy requires Defendants to give "prompt notice of the 'accident' or 'loss' in the event of an 'accident,' claim, 'suit,' or 'loss.'"

ANSWER:     Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

69.     The Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009.  Defendants failed to give "prompt" notice of an "accident" to LANDMARK by waiting until December 5, 2014 to notify LANDMARK of the Accident or the Underlying Lawsuit.

ANSWER:     Defendants admit that the Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009. Defendants deny all remaining allegations contained in Paragraph 69.

70.   Defendants' failure to give LANDMARK notice of an "accident" in accordance with the American States Policy to which the Landmark Policy follows form, for nearly five years following the filing of the Underlying Lawsuit, was an unreasonable delay.

ANSWER:     Defendants deny the allegations of Paragraph 70.

71.     Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish notice of an "accident" to LANDMARK.

ANSWER:     Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

72.     Defendants do not have a valid or reasonable excuse for waiting until on or about

December 5, 2014 to provide notice of an "accident" to LANDMARK.

ANSWER:     Defendants deny the allegations of Paragraph 72.

73.     LANDMARK is not required to show prejudice based on Defendants' extreme delay in giving notice of an "accident" to LANDMARK.

ANSWER:     Defendants deny the allegations of Paragraph 73.

74.     In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide notice of an "accident" before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

ANSWER:     Defendants deny the allegations of Paragraph 74.

75.     In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

ANSWER:     Defendants deny the allegations of Paragraph 75.

76.     In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

ANSWER:     Defendants deny the allegations of Paragraph 76.

77.     The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

ANSWER:     Defendants deny the allegations of Paragraph 77.

WHEREFORE, Defendants DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF request that this Honorable Court deny Plaintiff's Count III and enter judgment in

Defendants' favor and against Plaintiff.

## COUNT IV
### (Late Notice Of "Loss" In The Event Of "Suit")

78.     LANDMARK reasserts and realleges paragraphs 1 through 77 above as and for paragraph 78, as if fully set forth herein.

ANSWER:     Defendants restate and reallege their Answers to Paragraphs 1 through 77 as if fully set forth herein.

79.     The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

ANSWER:     Defendants state that the Landmark Policy is the best evidence of its content and deny any allegations contrary thereto.

80.     The American States Policy requires Defendants to give "prompt notice of the 'accident' or 'loss' in the event of an 'accident,' claim, 'suit,' or 'loss.'"

ANSWER:     Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

81.     The American States Policy defines "loss" as "direct and accidental loss or damage."

ANSWER:     Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

82.     The Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009.  Defendants failed to give "prompt" notice of a "loss" to LANDMARK by waiting until December 5, 2014 to notify LANDMARK of the Accident or the Underlying Lawsuit.

21

ANSWER: Defendants admit that the Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009. Defendants deny all remaining allegations contained in Paragraph 82.

83. Defendants' failure to give LANDMARK notice of a "loss" in accordance with the American States Policy to which the Landmark Policy follows form, for nearly five years following the filing of the Underlying Lawsuit, was an unreasonable delay.

ANSWER: Defendants deny the allegations of Paragraph 83.

84. Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish notice of a "loss" to LANDMARK.

ANSWER: Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

85. Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide notice of a "loss" to LANDMARK.

ANSWER: Defendants deny the allegations of Paragraph 85.

86. LANDMARK is not required to show prejudice based on Defendants' extreme delay in giving notice of a "loss" to LANDMARK.

ANSWER: Defendants deny the allegations of Paragraph 86.

87. In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide notice of a "loss" before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

ANSWER: Defendants deny the allegations of Paragraph 87.

88.     In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

ANSWER:     Defendants deny the allegations of Paragraph 88.

89.     In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

ANSWER:     Defendants deny the allegations of Paragraph 89.

90.     The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

ANSWER:     Defendants deny the allegations of Paragraph 90.

WHEREFORE, Defendants DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF request that this Honorable Court deny Plaintiff's Count IV and enter judgment in Defendants' favor and against Plaintiff.

### COUNT V
### (Late Notice Of "Suit")

91.     LANDMARK reasserts and realleges paragraphs 1 through 90 above as and for paragraph 91, as if fully set forth herein.

ANSWER:     Defendants restate and reallege their Answers to Paragraphs 1 through 90 as if fully set forth herein.

92.     The Landmark Policy follows form to the terms, conditions, agreements, exclusions, and definitions of the American States Policy.

ANSWER:     Defendants state that the Landmark Policy is the best evidence of its content and deny any allegations contrary thereto.

23

93.    The American States Policy requires Defendants to "immediately" provide copies of "any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit.'"

ANSWER:    Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

94.    The Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009.  Defendants failed to "immediately" provide copies of requests, demands, orders, notices, summonses, or legal papers concerning the Underlying Lawsuit by waiting until December 5, 2014 to notify LANDMARK of the Accident or the Underlying Lawsuit.

ANSWER:    Defendants admit that the Underlying Lawsuit was filed on December 22, 2009 and served on Defendants on or about December 30, 2009. Defendants deny all remaining allegations contained in Paragraph 94.

95.    Defendants' failure to provide LANDMARK with information regarding the Underlying Lawsuit in accordance with the American States Policy to which the Landmark Policy follows form, for nearly five years following the filing of the Underlying Lawsuit, was an unreasonable delay.

ANSWER:    Defendants deny the allegations of Paragraph 95.

96.    Pursuant to the terms of the American States Policy to which the Landmark Policy follows form, Defendants did not have discretion as to when to furnish LANDMARK with information regarding the Underlying Lawsuit.

ANSWER:    Defendants state that the American States Policy is the best evidence of its content and deny any allegations contrary thereto.

24

97.    Defendants do not have a valid or reasonable excuse for waiting until on or about December 5, 2014 to provide LANDMARK with information regarding the Underlying Lawsuit.

ANSWER:    Defendants deny the allegations of Paragraph 97.

98.    LANDMARK is not required to show prejudice based on Defendants' extreme delay in providing LANDMARK with requests, demands, orders, notices, summonses, or legal papers concerning the Underlying Lawsuit.

ANSWER:    Defendants deny the allegations of Paragraph 98.

99.    In the alternative, LANDMARK was prejudice by, among others, Defendants' failure to provide Landmark with requests, demands, orders, notices, summonses, or legal papers concerning the Underlying Lawsuit before December 5, 2014, because LANDMARK was deprived of any meaningful participation in the defense of the Underlying Lawsuit until the case was in its last possible stage with only trial preparation left to complete.

ANSWER:    Defendants deny the allegations of Paragraph 99.

100.    In the alternative, LANDMARK has also been prejudiced because, among others, it has been deprived of its right to meaningfully participate in the defense of claims or suits against the Defendants, afforded to it by the terms of the Landmark Policy.

ANSWER:    Defendants deny the allegations of Paragraph 100.

101.    In the alternative, LANDMARK has also been prejudiced because, among others, it was deprived of its right to participate in meaningful settlement discussions, including mediation, with Underlying Plaintiff.

ANSWER:    Defendants deny the allegations of Paragraph 101.

102.    The Defendants breached the terms of the Landmark Policy, absolving LANDMARK of its contractual duties under the Landmark Policy.

ANSWER:    Defendants deny the allegations of Paragraph 102.

WHEREFORE, Defendants DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF request that this Honorable Court deny Plaintiff's Count V and enter judgment in Defendants' favor and against Plaintiff.

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF, and for their Affirmative Defenses to Plaintiff's Complaint for Declaratory Judgment, state as follows:

1.    On or about January 16, 2008, Shawn Graff was an employee of Deerfield Construction, Inc. ("Deerfield").

2.    On January 16, 2008, Shawn Graff was in an automobile accident which also involved Indispensable Defendant, Ryan Keeping.

3.    During this time period, Deerfield was insured under a primary commercial automobile liability policy with American States Insurance Company, effective from March 1, 2007 to March 1, 2008 with liability limits of $1 million. Deerfield also was insured under a commercial excess liability policy with Landmark American Insurance Company, effective from March 1, 2007 to March 1, 2008, with liability limits of $10 million per occurrence and in the aggregate.

4.    Deerfield obtained both its primary and excess liabilities policies through Arthur J. Gallagher Risk Management Services, Inc. ("AJG"), which served as its broker, and as the agent of Landmark, in providing these policies.

5.    In January, 2008, AJG was provided with notice of the January 16, 2008 automobile accident and was aware of the litigation titled *Ryan Keeping v. Deerfield*

26

*Construction Group, Inc., et al*, Case No. 2009L015630, filed in the Circuit Court of Cook County, Illinois, (the "Underlying Litigation") which suit arose from the January 16, 2008 automobile accident.

      6.    At all times, AJG served as an agent of Landmark.

      7.    Upon information and belief, on or about December 5, 2014, Deerfield's American States Insurance Company-appointed counsel invited Landmark to participate in or monitor the trial scheduled in the Underlying Litigation.

      8.    Upon information and belief, Landmark declined to participate in or monitor the trial.

### First Affirmative Defense: Estoppel

      9.    Defendants restate and reallege Paragraphs 1 through 8 of their Affirmative Defenses as if fully set forth herein.

      10.    Landmark was provided with an opportunity to participate in or monitor the trial in the Underlying Litigation, which it declined.

      11.    Landmark is estopped from denying coverage when it had an opportunity to meaningfully participate in the trial and settlement negotiations, which it refused.

      12.    At no point during the course of the trial, nor at any time before the initiation of the instant litigation, did Landmark inform Defendants that it would contest or deny coverage.

      WHEREFORE, Defendants, DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF, request that this Honorable Court deny Plaintiff's requests for relief and enter judgment in favor of Defendants, and for any other or further relief that this Court deems just and equitable.

**Second Affirmative Defense: Notice Through Authorized Representative**

13.     Defendants restate and reallege Paragraphs 1 through 8 of their Affirmative Defenses as if fully set forth herein.

14.     The Landmark Policy provides that notice of an "accident," "claim" "suit" or "loss" may be provided to Landmark either directly or through an authorized representative.

15.     At all times, AJG served as the agent of Landmark.

16.     Deerfield's notice to AJG is effective as a notice on Landmark.

WHEREFORE, Defendants, DEERFIELD CONSTRUCTION, INC. and SHAWN GRAFF, request that this Honorable Court deny Plaintiff's requests for relief and enter judgment in favor of Defendants, and for any other or further relief that this Court deems just and equitable.

Respectfully Submitted,

MOMKUS McCLUSKEY, LLC

By:____/s/ James F. McCluskey_____
        James F. McCluskey

James F. McCluskey
Lauryn E. Parks
Momkus McCluskey, LLC
1001 Warrenville Road, Suite 500
Lisle, Illinois 60532
(630) 434-0400 (Telephone)
(630) 434-0444 (Facsimile)
Attorney No. 13124754